**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Springfield Division**

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: |
| CL CAMPBELL CONSTRUCTION, LLC and JORGE RAUL BRAVO FUENTES, | ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Crum and Forster Specialty Insurance Company ("CFSIC"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against CL Campbell Construction, LLC ("CL Campbell") and Jorge Raul Bravo Fuentes, states as follows:

## NATURE OF THE ACTION

1. In this action, CFSIC seeks a determination of its rights and obligations under an insurance policy issued to CL Campbell in connection with the Underlying Action (as defined herein) filed by Defendant Jorge Raul Bravo Fuentes, which asserts certain claims against CL Campbell.

2. The Underlying Action is pending in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

3. Plaintiff CFSIC issued a commercial package policy (the "Policy" as defined herein) to CL Campbell as described more fully below.

4. Defendant CL Campbell tendered the claims asserted against it in the Underlying Action to CFSIC for a defense and indemnity under the Policy.

5. The scope of coverage available to CL Campbell in connection with the claims asserted against it in the Underlying Action is governed by the terms, conditions, and exclusions of the Policy.

## JURISDICTION AND VENUE

6. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

7. Plaintiff CFSIC is a corporation organized under the laws of the State of Delaware with its principal place of business in Morristown, New Jersey. At all relevant times, CFSIC conducted business in the State of Illinois.

8. Defendant CL Campbell is a limited liability company organized under the laws of Illinois with its principal place of business in Jacksonville, Illinois.

9. CL Campbell has one member, Christopher Campbell, who is a resident of Jacksonville, Illinois and a citizen of the State of Illinois.

10. Defendant Jorge Raul Bravo Fuentes ("Mr. Fuentes") is a resident of Collinsville, Illinois and a citizen of the State of Illinois. Plaintiff CFSIC does not assert any claims against Defendant Fuentes in the Complaint and Mr. Fuentes has been named as a defendant in this action solely as a necessary and indispensable party.

11. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff CFSIC, on the one hand, and Defendants CL Campbell and Mr. Fuentes, on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnifying CL Campbell with regard to the Underlying Action, exceeds $75,000, exclusive of interest and costs.

12. Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Underlying Action occurred in this District and the Policy was issued in the District.

13. An actual justiciable controversy exists between CFSIC, on the one hand, and CL Campbell and Mr. Fuentes, on the other hand, and by the terms provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## THE UNDERLYING ACTION

14. On April 10, 2025, Mr. Fuentes filed a lawsuit against CL Campbell and Reveles Roofing, LLC ("Reveles") in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, captioned *Jorge Raul Bravo Fuentes v. C.L. Campbell Construction, LLC et al.*, No. 2025-LA-434 (the "Underlying Action").

15. Count I of the Complaint filed in the Underlying Action (the "Complaint") alleges that, on or about April 8, 2024, CL Campbell was in charge of a construction project located at 2155 N. Co. Rd 800 E, Chandlerville, Illinois ("Premises"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**, Count I, ¶ 1.

16. Count I of the Complaint, entitled Construction Negligence, alleges that Mr. Fuentes was a construction worker performing roofing work at the Premises in furtherance of the construction project. Ex. A, Count I, ¶ 3.

17. Count I further alleges that CL Campbell owed a duty to the employees of subcontractors and sub-subcontractors as well as independent contractors it was responsible for

supervising on the project, including Mr. Fuentes, to provide a safe place for those individuals to work. Ex. A, Count I, ¶ 6.

    18.    Count I alleges that CL Campbell was negligent in one or more of the following ways:

    a)    Carelessly and negligently failed to reasonably inspect, supervise and control the work site and the work being done thereon, when the Defendant knew or in the exercise of ordinary care should have known, that proper inspection, supervision and control was necessary to prevent injury to the Plaintiff.

    b)    Carelessly and negligently failed to properly supervise roofing construction work being performed by the Plaintiff and other roofers on the job site.

    c)    Carelessly and negligently failed to enforce safety procedures in a proper manner, including fall protection procedures for the work being performed by the Plaintiff and other construction workers performing roofing work on the job site.

    d)    Carelessly and negligently failed to provide articulating boom lifts with baskets and/or a work platform with OSHA compliant guardrails for those construction workers that had to work on or at roof level, including the Plaintiff.

    e)    Carelessly and negligently failed to enforce applicable construction industry safety rules including, but not limited to, OSHA, ANSI, Defendant's construction safety manual and safety rules, the safety manuals and safety rules of the co-Defendant, REVELES ROOFING, LLC, as well as safe custom and practice in the residential construction industry, particularly those rules and regulations that applied to safe, suitable and proper fall protection.

    f)    Carelessly and negligently failed to safely and properly coordinate and schedule the work ongoing at the jobsite, including all work taking place on the roof at the subject construction site.

    g)    Carelessly and negligently failed to provide safe, suitable and proper fall protection for construction workers, including Plaintiff, to utilize as they were performing roofing work, at roof level, while being exposed to falls of a significant height. h) Carelessly and negligently failed to inspect the roofing work being at the subject construction site to determine if fall protection that was compliant with prevailing OSHA rules and

    regulations was provided to and/or being utilized by the roofers working at the site, including Plaintiff, who was performing roofing work at a significant fall height that required the use of fall protection pursuant to the prevailing OSHA rules and regulations on April 8, 2024, in the Plaintiff was on a roof and exposed to a fall of greater than six (6) feet.

i)  Carelessly and negligently failed to provide a guardrail system and/or perimeter protection for the Plaintiff and the other roofers working at the subject construction site that would prevent those construction workers from falls from a significant height;

j)  Carelessly and negligently failed to provide the Plaintiff with a safe, suitable, proper and OSHA compliant personal fall arrest system for the roofing work he was performing on April 8, 2024;

k)  Carelessly and negligently scheduled and coordinated the construction work and roofing work taking place at the job site located at 2155 N. Co Rd 800 E, Chandlerville, Illinois.

l)  Carelessly and negligently failed to provide Plaintiff with safe, suitable and proper fall protection including, but not limited to: (1) a proper personal fall arrest system with an anchor point that was properly installed and capable of suspending his fall; (2) perimeter protection; (3) a scissors lift; (4) an articulating lift with a basket; (5) safety netting; or (6) a warning line system with another OSHA recognized form of fall protection, when the Plaintiff was exposed to a significant fall from a height while working at roof level.

Ex. A, Count I, ¶ 9.

  19. The Complaint alleges in Count I that, as a result of the acts and omissions by CL Campbell, Mr. Fuentes suffered injuries when he fell from the roof to the ground while working at the Premises. Ex. A, Count I, ¶¶ 11-12.

  20. Count II of the Complaint, entitled Negligent Hiring & Retention, alleges that CL Campbell had a duty to exercise ordinary and reasonable care in selecting an independent contractor for the roofing work to be performed at a residential roofing project located at the Premises. Ex. A, Count II, ¶ 2.

21. Count II alleges that CL Campbell breached its duty when it hired Reveles Roofing, LL ("Reveles") to perform work on the construction project at the Premises since CL Campbell knew or should have known that Reveles had a particular unfitness for protecting workers on roofs based upon prior OSHA citations issued to Reveles for fall protection violations related to Reveles failing to train and/or enforce OSHA fall protection rule with respect to its employees and subcontractors. Ex. A, Count II, ¶¶ 3-4.

22. Count II alleges that CL Campbell hired Reveles without properly vetting Reveles' safety record, its OSHA citation history with respect to fall protection violations, and its record with respect to utilizing fall protection and/or enforcing OSHA fall protection rules on projects it worked on in the years prior to April 8, 2024. Ex. A, Count II, ¶ 11.

23. Count II alleges that Mr. Fuentes suffered injuries as a result of CL Campbell's negligent hiring and retention of Reveles. Ex. A, Count II, ¶ 14.

24. Count II alleges that Reveles' particular unfitness was a proximate cause of Mr. Fuentes' injuries and damages. Ex. A, Count II, ¶ 6.

## THE POLICY

25. CFSIC issued commercial package policy No. BAS10913-2 to CL Campbell Construction LLC for the August 19, 2023 to August 19, 2024 policy period (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit B**.

26. The Commercial General Liability Coverage Part of the Policy contains a $1 million per each occurrence limit with and a $2 million general aggregate limit, subject to a $500 per claim deductible. Ex. B, pp. 15, 49.

27. Coverage A under the Commercial General Liability Coverage Part of the Policy provides, in pertinent part, as follows:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

    * * *

    b.  This insurance applies to "bodily injury" . . . only if:

        (1) The "bodily injury" . . . is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" . . . occurs during the policy period;

    * * *

**SECTION V – DEFINITIONS**

* * *

3.  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Ex. B, pp. 17, 29-30.

29. The Policy contains a Work Height Exclusion (Greater than Four Stories) endorsement, which provides as follows:

> **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended and the following exclusion added:

**Work Height**

This insurance does not apply to:

**(1)**  "bodily injury" or "property damage" arising directly or indirectly out of ongoing operations performed, by you or on your behalf, on the exterior of any building or structure which is the greater of four (4) stories or 48 feet above ground level in height; or

**(2)**  "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising directly or indirectly out of "your work" performed on the exterior of any building or structure which is the greater of four (4) stories or 48 feet above ground level in height.

Ex. B, p. 52.

30. The Policy also contains an Exclusion – Worker Injury endorsement, which provides, in pertinent part, as follows:

**A.**  Exclusion **2.e Employers Liability** of **SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is hereby deleted and replaced by the following:

**2. Exclusions**

This insurance does not apply to:

**e.  Worker Injury**

**(1)**  "Bodily injury" to any actual or alleged "employee" of any insured arising out of or in the course of:

**(a)**  Employment by any insured; or
**(b)**  Performing duties related to the conduct of any insured's business.

**(2)**  "Bodily injury" to:

**(a)**  Any contractor, subcontractor, independent contractor, or any other person that performs work for, or is hired by, such contractor, subcontractor, or independent contractor at the same job site that "your work" is being, or

>>was, performed regardless of whether or not there is a contract with any insured; or
>
> **(b)** Any "employee," working for any contractor, subcontractor, independent contractor, or any other person that performs work for or is hired by such contractor, subcontractor, or independent contractor at the same job site that "your work" is being, or was, performed regardless of whether or not there is a contract with any insured;
>
> arising out of or in the course or performing work or rendering services of any kind or nature whatsoever:
>
> **(a)** For or on behalf of any insured; or
>
> **(b)** For which any insured may become legally liable in any capacity for either the "bodily injury" or the work or services being performed (even if the injured person is not performing work or rendering services for or on behalf of or the benefit of any insured at the time of injury).
>
> \* \* \*
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity for either the "bodily injury" or the work or services being performed (even if the injured person is not performing work or rendering services for or on behalf of or for the benefit of any insured at the time of injury) and to any obligation to share or contribute to damages, or to repay or indemnify someone else who must pay damages because of the "bodily injury", including damages for care and loss of services.

**B.** For the purposes of this endorsement only, the "employee" and "temporary worker" definitions of SECTION V – DEFINITIONS are hereby deleted and replaced by the following:

> **5.** "Employee" includes a "leased worker", "temporary worker" or "volunteer worker".
>
> **19.** "Temporary worker" means a person who is:

      **a.**    Furnished to any insured to substitute for a permanent "employee";
      **b.**    A short-term worker; or
      **c.**    Not an "employee", "leased worker" or "volunteer worker".

Ex. B, pp. 54-55.

## THIS DISPUTE

31. Defendant CL Campbell has sought a defense and indemnity from CFSIC under the Policy in connection with the claims asserted against it in the Underlying Action.

32. Plaintiff CFSIC has determined through its coverage investigation that it owes no obligation under the Policy to defend or indemnify CL Campbell in connection with the claims asserted against it in the Underlying Action.

33. Plaintiff CFSIC has advised CL Campbell that it disclaims any obligation under the Policy to defend and/or indemnify it in connection with the claims asserted against it in the Underlying Action.

34. Plaintiff CFSIC now brings this action to obtain a judicial declaration that it owes no duties under the Policy to defend or indemnify CL Campbell in connection with the claims asserted against it in the Underlying Action.

## COUNT I
### No Duty to Defend or Indemnify under the Policy

35. CFSIC incorporates by reference herein paragraphs 1 through 34 as if the same were fully set forth at length herein.

36. The Insuring Agreement of Coverage A of the Commercial General Liability Coverage Part of the Policy provides that CFSIC "will pay those sums that the insured becomes

legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies." Ex. B, p. 17.

37. The Policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. B, pp. 29-30.

38. The Complaint alleges that, on April 8, 2024, Mr. Fuentes sustained injuries when he fell from the roof to the ground while working at the Premises. Ex. A, Count I, ¶¶ 11-12.

39. The Policy contains an Exclusion – Worker Injury endorsement (the "Worker Injury Exclusion") which precludes coverage for "bodily injury" to "[a]ny contractor, subcontractor, independent contractor, or any other person that performs work for, or is hired by, such contractor, subcontractor, or independent contractor at the same job site that 'your work' is being, or was, performed regardless of whether or not there is a contract with any insured." Ex. B, p. 54.

40. In addition, the Worker Injury Exclusion precludes coverage for "bodily injury" to "[a]ny 'employee,' working for any contractor, subcontractor, independent contractor, or any other person that performs work for or is hired by such contractor, subcontractor, or independent contractor at the same job site that 'your work' is being, or was, performed regardless of whether or not there is a contract with any insured." Ex. B, p. 54.

41. Further, the Worker Injury Exclusion precludes coverage for the above-referenced individuals if the "bodily injury" arises "out of or in the course or performing work or rendering services of any kind or nature whatsoever . . . [f]or or on behalf of any insured; or . . . [f]or which

any insured may become legally liable in any capacity for either the 'bodily injury' . . . ." Ex. B, p. 54.

42. The Complaint alleges that, in connection with the construction project at the Premises, CL Campbell hired Reveles as either a subcontractor or independent contractor and that Mr. Fuentes was either an employee of Reveles or an independent contractor retained by Reveles. Ex. A, Count I, ¶ 6; Count II, ¶¶ 3-4.

43. Therefore, at the time of his "bodily injury", Mr. Fuentes was performing work at the Premises for CL Campbell as an employee or independent contractor for Reveles which was in turn either a subcontractor or independent contractor of CL Campbell.

44. As a result, the claims asserted against CL Campbell in the Complaint fall squarely within the scope of the Worker Injury Exclusion contained in the Policy.

45. No coverage is afforded under the Policy to defend or indemnify CL Campbell in connection with the claims asserted against it in the Underlying Action because coverage for such claims is precluded by operation of the Worker Injury Exclusion.

46. The Policy also contains a Work Height Exclusion which precludes coverage for "'bodily injury' . . . arising directly or indirectly out of ongoing operations performed, by you or on your behalf, on the exterior of any building or structure which is the greater of four (4) stories or 48 feet above ground level in height." Ex. B, p. 52.

47. No coverage is afforded under the Policy to defend or indemnify CL Campbell in connection with the claims asserted against it in the Underlying Action because coverage for such claims is precluded by operation of the Work Height Exclusion to the extent it is determined that the Premises is greater than four stories or 48 feet.

WHEREFORE, CFSIC seeks a judgment that it owes no duty under the Policy to defend or indemnify CL Campbell in connection with the claims asserted against it in the Underlying Action.

## PRAYER FOR RELIEF

Plaintiff, Crum & Forster Specialty Insurance Company, hereby respectfully request the entry of an order and judgment in its favor and against CL Campbell Construction LLC and Jorge Raul Bravo Fuentes declaring as follows:

a. This court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policy does not provide coverage to CL Campbell for the claims asserted against it in the Underlying Action;

c. Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to defend CL Campbell in connection with the claims asserted against it in the Underlying Action;

d. Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to indemnify CL Campbell in connection with the claims asserted against it in the Underlying Action;

e. Crum & Forster Specialty Insurance Company is entitled to an award of its costs; and

f. Such other further relief as this Court deems just and appropriate.

Dated: June 10, 2025

                        Respectfully Submitted,

By:  */s/ James J. Hickey*
James J. Hickey, Atty. No. 6198334
Colin B. Willmott, Atty. No. 6317451
James.Hickey@kennedyslaw.com
Colin.Willmott@kennedyslaw.com
KENNEDYS CMK
30 S. Wacker Drive, Suite 3650
Chicago, IL 60606
Phone: (312) 800-5029
Fax: (312) 207-2110